liGAUDIN, Judge.
This is an appeal by J. Caldarera & Company, Inc. from a May 30, 1997 judgment of the 24th Judicial District Court denying Cal-darera’s action for removal of a lien. We affirm.
Defendants-appellees are Deubler Electric, Inc., which had filed the lien entitled “Sworn Statement of Amount Due Pursuant to Public Works Act,” and the Jefferson Parish Clerk of Court. The lien was filed on January 22, 1997, which was 41 days after recordation of acceptance of the contract and within the statutory lien period.
Caldarera contended in district court and argues now on appeal that Deubler’s lien was untimely inasmuch as the acceptance had been filed on December 12, not November 25, 1996. The Clerk of Court had advised Deubler, through Deubler’s agent Southern Abstracts, that the acceptance had been filed on December 12,1996.
From the record, it is apparent that the owner, Hospital Service District No. 2 of the Parish of Jefferson, Louisiana, had attempted to file an acceptance in November, 1996, but the document had been returned to the owner unrecorded because it did not specify the MOB and folio of the construction contract being accepted. Counsel for the owner corrected the omission and returned the acceptance form, which was duly recorded on December 12,1996.
Caldarera filed suit on April 11, 1997, pursuant to LSA-R.S. 38:2242.112(C), asking (1) that the lien be cancelled, (2) for attorney fees and (3) for unspecified damages.
Deubler is an innocent third party. There is no doubt that Caldarera’s acceptance was not officially recorded until December 12, 1996, and that Deubler was entitled to rely on the public records.
Various persons from the Clerk of Court’s office testified as did James Barkate of Southern Abstracts, who was accepted as an expert legal abstractor. Barkate said that when a contractor or owner wants to file an acceptance of a contract, the Clerk of Court would have to be provided with the MOB and folio of the previously recorded contract. If the MOB and folio information was not included in the acceptance, Barkate said, the Clerk of Court “would take it as a filing;” however, whether the Clerk of Court “would accept it as a recorded document is a different story.” Barkate said:
“... the Clerk is very specific, and I’d allege not only in just Acceptances but in eases of a recorded — If someone files a Release of a Mortgage and specifically ask the Clerks to cancel their mortgage dated a certain date, there may in fact be two mortgages the same date, and therefore, it does not specifically instruct the Clerk which one to cancel.”
Vie Pitre, Sr., a 28-year veteran of the Clerk of Court’s office and the supervisor of mortgage cancellations, explained that an acceptance without MOB and folio numbers does not contain enough information for pre-cisejjlocátión of the appropriate contract. Incomplete acceptance forms, Pitre said, are not recorded but are usually kept in a separate file until the MOB and folio designations are received.
The trial judge did not find any actionable negligence on the part of the Clerk of Court. Further, Caldarera did not attempt to prove any damages. The appealed-from judgment refusing to order Deubler’s lien cancelled and refusing to award Caldarera attorney fees or damages is affirmed.
AFFIRMED.